## A02A2020. PICKARD v. THE STATE.
### (572 SE2d 660)

BLACKBURN, Chief Judge.

Following a jury trial, Cedric B. Pickard appeals his convictions for kidnapping and two counts of aggravated child molestation,[1] contending that: (1) the evidence was insufficient to support the verdict; (2) the trial court erred by allowing certain testimony that the victim was a virgin prior to the incident, in contravention of the Rape Shield Statute; and (3) his trial counsel provided ineffective assistance by failing to inform him that, if convicted, he would be sentenced to life without parole as a recidivist. For the reasons set forth below, we affirm.

1. Pickard contends that the evidence was insufficient to support the verdict. We disagree.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[2] Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

*Phagan v. State*.[3]

---

[1] Pickard was acquitted on one count of rape, one count of enticing a child for indecent purposes, and one count of kidnapping.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

Viewed in this light, the relevant evidence of record shows that, on the morning of June 30, 1999, Pickard woke his girlfriend's daughter and told her that they were going to take her mother some breakfast at work. After purchasing some food, Pickard showed his girlfriend's daughter a gun and told her that he was going to kill himself. He then drove the victim to a secluded area in the woods where he allegedly raped the victim twice and forced her to perform fellatio on him three separate times. Pickard allegedly raped the victim once in the back of his truck and once on the ground in the woods. Briars scraped the victim's arms while she was walking in and out of the woods.

After reporting the incident, the victim was taken to a hospital for examination. This examination showed that there was both blood and a semen-like mucus in the victim's vagina. In addition, there was tearing of the posterior wall of the victim's vagina. The examining doctor also noted that the victim's clothing and underwear were covered with dirt, and her arms were scratched and bruised, consistent with her story that briars scraped against her arms as she was led into the woods.

This evidence was sufficient to support the verdict against Pickard. For the same reason, the trial court did not err by denying Pickard's motion for a directed verdict. *Jackson,* supra.

2. Pickard contends that the trial court erred by allowing certain testimony that the victim was a virgin prior to the incident, in contravention of the rape shield statute. Pickard, however, has waived his right to argue this issue on appeal.

During trial, the word "virgin" was used to describe the victim two times. First, the prosecutor referred to the victim as a virgin prior to the rape during his opening argument. Pickard, however, made no objection to the prosecutor's statement, and, as such, he waived his right to raise this point on appeal. *Pye v. State*[4] (failure to object at trial precludes a finding of reversible error on appeal).

Second, the victim referred to herself as a virgin during redirect examination after the prosecutor asked if she had ever had sex with anyone prior to the alleged rape. Pickard objected on the ground that this testimony was outside the scope of redirect and prejudicial. Interpreting the objection expansively, the trial court treated the objection as one based on Georgia's Rape Shield Statute. After an extended colloquy with the attorneys, Pickard made a motion for a mistrial, which the trial court denied.

The trial court then explained to the attorneys that it intended to give a curative instruction to the jurors admonishing them not to

[4] *Pye v. State,* 269 Ga. 779, 787 (14) (505 SE2d 4) (1998).

consider any of the testimony in which the victim was referred to as a virgin. Pickard participated in the formulation of this instruction and neither made objection to the instruction after it was given nor renewed his motion for a mistrial. Accordingly, Pickard waived his right to argue this issue before this Court. *Williams v. State.*[5]

3. Pickard contends that he received ineffective assistance because his trial counsel failed to inform him, prior to his decision to reject a plea offer, that he would be sentenced to life without parole as a recidivist if convicted by a jury. The record, however, makes it clear that Pickard's counsel advised him against rejecting the plea agreement and informed him that he could be given a life sentence if convicted. The only information Pickard's counsel failed to relay was that, due to recidivist sentencing, Pickard would not be eligible for parole.

"An attorney's failure to inform a defendant regarding his ineligibility for parole does not constitute ineffective assistance of counsel." *King v. State.*[6]

> [E]ligibility or ineligibility for parole is not a consequence of a plea of guilty, but rather is a matter of legislative grace or a consequence of the withholding of legislative grace. *Williams v. Duffy.*[7] Thus, the requirement . . . that [Pickard] serve the maximum time provided in the sentence of the judge for this conviction[ ] would have only a collateral effect on [Pickard's] sentence. . . . [Id.] There is no constitutional requirement that a defendant be advised of such collateral consequences for his decision to reject or accept a plea bargain to be valid.

*Mann v. State.*[8]

Therefore, contrary to his contention, Pickard did not receive ineffective assistance of counsel.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 27, 2002.

*English & Kemp, Arthur H. English IV*, for appellant.

---

[5] *Williams v. State*, 253 Ga. App. 453, 456 (3) (559 SE2d 512) (2002).
[6] *King v. State*, 246 Ga. App. 100, 102 (3) (539 SE2d 614) (2000).
[7] *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999).
[8] *Mann v. State*, 240 Ga. App. 809, 810 (1) (b) (524 SE2d 763) (1999).

*William T. McBroom III, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.