## A02A1007. WHITE v. THE STATE.
(572 SE2d 70)

ANDREWS, Presiding Judge.

David White appeals from the judgment entered after a jury convicted him of armed robbery. White's only argument on appeal is that the trial court erred in granting the State's *McCollum*[1] challenge to five of White's peremptory strikes. We find no error and affirm.

At trial, White, an African-American, used all 12 of his peremptory strikes to remove white potential jurors from the panel. The State challenged these strikes as discriminatory, and the trial court seated five of the jurors.

In evaluating a challenge under *Batson* or *McCollum*, a trial court must employ a three-step process to determine whether peremptory challenges were used in a discriminatory manner. First, the opponent of the strike must make a prima facie showing of racial discrimination. Once a prima facie case is established, the proponent of the strike must set forth a race-neutral, case-related, clear and reasonably specific explanation for the exercise of his strikes. To satisfy his burden at this stage, the proponent of the strike need not

---

[1] In *Georgia v. McCollum*, 505 U. S. 42, 59 (112 SC 2348, 120 LE2d 33) (1992), the United States Supreme Court expanded its decision in *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), to prevent a criminal defendant from using peremptory strikes in order to purposely discriminate on the basis of race.

proffer an explanation that is persuasive or even plausible — all that is required is an explanation that is facially race-neutral. Finally, once the proponent has offered a facially race-neutral explanation, the trial court must then determine, considering the totality of the circumstances, whether the opponent of the strikes has shown that the proponent was motivated by discriminatory intent in the exercise of his strikes. The ultimate burden of persuasion rests on the opponent of the strike, who must demonstrate that the real reason for the strike was unlawful discrimination.

(Punctuation and footnotes omitted.) *McBride v. State*, 247 Ga. App. 767, 768 (1) (545 SE2d 332) (2001).

1. In White's first enumeration of error, he claims the trial court erred in finding there was a prima facie case of racial discrimination. We need not consider this enumeration because once the trial court requires the opponent of a *Batson* or *McCollum* motion to give reasons for striking potential jurors, the preliminary issue of prima facie discrimination becomes moot. *Hernandez v. New York*, 500 U. S. 352, 359 (111 SC 1859, 114 LE2d 395) (1991); *Barnes v. State*, 269 Ga. 345, 349 (496 SE2d 674) (1998).

White's reliance on language in *Aldridge v. State*, 258 Ga. 75 (365 SE2d 111) (1988), and similar cases is misplaced. In *Aldridge*, the trial court ruled that there was no prima facie case of racial discriminatory strikes. Here, where the trial court found a prima facie case, there is no further requirement to show the racial composition of the panel from which the jury was selected, the strikes exercised by both parties, or the racial composition of the resulting jury. See id. at 77.

2. Once a prima facie case was established, White was required to come forward with a race-neutral reason for the strike. The burden then shifted to the prosecutor to show that the explanation was a pretext for discrimination. *Chandler v. State*, 266 Ga. 509, 510 (467 SE2d 562) (1996); *Lewis v. State*, 262 Ga. 679, 680 (424 SE2d 626) (1993).

"A trial court's findings on whether the opponent of a strike has met his burden of persuasion is entitled to great deference and will be affirmed unless clearly erroneous." *Barnes*, supra at 349 (6). The reason for this being that a trial court's determination of a *Batson* or *McCollum* challenge rests largely on assessing the attorney's credibility and state of mind and therefore lies peculiarly within the province of the trial judge. *Johnson v. State*, 231 Ga. App. 114, 117 (497 SE2d 666) (1998).

In giving her reasons for striking the prospective jurors, defense counsel stated that she struck juror no. 2 because her grandmother

was the victim in an armed robbery. As to juror no. 7, defense counsel said she struck this juror because she was a party to a lawsuit and the victim of a crime.[2] Defense counsel's reasons for striking juror no. 10 were that she was the victim of a crime, party to a lawsuit, and someone in her family was arrested. Juror no. 17 was struck because he had a brother that worked in a jail. The reason given by defense counsel for striking the last juror, juror no. 22, was that she had been accosted at a shopping mall.

In response, the State pointed out that defense counsel had accepted jurors of another race who were also victims of crimes. For instance, juror no. 25 stated that her car was broken into, her mother's car was stolen, and her fiancé's car was stolen. Also, juror no. 14 had his home broken into and many of his belongings stolen.

The State argued that defense counsel's reason for striking juror no. 17, whose brother worked in a jail, was pretextual because jurors of another race, one a security guard and one who had a relative who worked at a federal penitentiary, were accepted. In addition, with regard to juror no. 10, the crime involved a roommate who had stolen some money and credit cards from her, and the lawsuit was a class action. With respect to juror no. 22, who had been accosted in the mall, the State pointed out that the incident happened six years ago.

We find no error in the court's decision to reseat the jurors. "The opponent of the strikes may carry his burden of persuasion by showing that similarly situated jurors of another race were not struck or that the proponent's race-neutral reason for a strike is so implausible or fantastic that it renders the explanation pretextual." (Punctuation omitted.) *Barnes*, supra at 349 (6). Further,

> [w]hile the opponent of a peremptory strike bears the burden of persuading the trial court that the proponent of the strike acted with discriminatory intent in exercising the peremptory challenge, *Turner v. State*, 267 Ga. 149 (476 SE2d 252) (1996), this burden of persuasion may be satisfied in a number of different ways, including solely upon the strength of the prima facie case in relation to the reasons given.

*Wilcher v. State*, 231 Ga. App. 641, 643 (1) (500 SE2d 397) (1998). Here, the strength of the prima facie case in relation to the reasons given by defense counsel and the showing that similarly situated jurors of another race were not struck support the trial court's findings that, with regard to these five jurors, the reasons proffered

---

[2] But, we note that the transcript of voir dire shows that it was the victim's mother who was robbed at home when the juror was not present, and, this juror never stated she was a party to a lawsuit.

by defense counsel were a pretext for racial discrimination. Accordingly, we conclude that the trial court's decision to grant the State's challenge under *McCollum* and seat these jurors was not clearly erroneous.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED OCTOBER 4, 2002.

*Sharon L. Hopkins*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Amira A. Arshad*, Assistant District Attorney, for appellee.