## A06A1626. HICKS v. THE STATE.
### (635 SE2d 830)

PHIPPS, Judge.

Tony Hicks a/k/a Tommy Hicks was tried by a jury and convicted of selling cocaine. He claims that the evidence was insufficient to support his conviction and that the trial court erred by reseating four jurors during jury selection and by refusing to allow him to enter a guilty plea. We conclude that the evidence was sufficient to support the verdict and find no merit in Hicks's other claims. Thus, we affirm.

Viewed in the light most favorable to the verdict, the evidence showed that on June 7, 2002, two agents with the Altamaha Drug Task Force were working undercover to purchase illegal narcotics. While sitting in an "old beat-up truck," the agents were approached by two males in a 1997 green Jeep Cherokee. The passenger asked them if they had a beer, and they gave him one from their truck. Then the driver, who was identified as Hicks, asked if the agents were "looking for something." One of the agents testified that, based on his training and experience as a drug agent, when street level drug dealers ask that type of question they typically are referring to illegal narcotics. The agent advised the men that he was looking for crack cocaine. Hicks responded that he had a 50, which meant $50 worth of crack cocaine. The agents instructed the men to meet them at a nearby convenience store.

When the agents arrived, the men in the green Jeep were already there. One of the agents approached the driver's side window and purchased two pieces of an off-white solid material from Hicks for $40. Both pieces of material tested positive for cocaine. From where he was sitting in their truck, the other agent did not see Hicks actually give his partner the cocaine but he did see his partner get out of their truck with $40, approach Hicks and come back with $40 worth of crack cocaine.

1. Hicks claims that the evidence was insufficient to support his conviction because there is no evidence that any money or cocaine changed hands.

> On appeal from a criminal conviction, the evidence is construed in the light most favorable to the verdict of guilt, and the presumption of innocence no longer applies. As an appellate court, we do not weigh the evidence, judge the credibility of witnesses, or resolve conflicts in trial testimony when the sufficiency of the evidence is challenged. Instead, we determine if any rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt.[1]

OCGA § 24-4-8 provides that the testimony of a single witness is generally sufficient to establish a fact. The only exception in a felony case is where the single witness is an accomplice, which is not the situation here.[2] One of the agents testified that he handed Hicks $40 in exchange for two pieces of a substance that tested positive for cocaine. Contrary to arguments advanced by Hicks, there is no requirement that the actual exchange be witnessed by more than one person or be recorded on videotape. We conclude that a rational trier of fact could have found Hicks guilty of the crime for which he was convicted beyond a reasonable doubt.[3]

2. Hicks claims that the trial court erred by reseating four jurors he struck during the jury selection process.

In *Georgia v. McCollum*,[4] the United States Supreme Court held that the United States Constitution prohibits a criminal defendant from engaging in purposeful discrimination on the ground of race in the exercise of peremptory strikes.[5] If the state demonstrates a prima facie case of discrimination by the defendant, the burden of production shifts to the defendant to articulate a racially neutral explanation for the strike.[6] If a race-neutral explanation is given, the trial court must then decide whether the state has proved purposeful racial discrimination.[7] Throughout this three-step process, the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the state.[8] This burden of persuasion may be satisfied in a number of different ways, including solely upon the strength of the prima facie case in relation to the reasons given for the strikes.[9]

During jury selection, counsel for the state challenged Hicks's use of peremptory strikes as being racially motivated. He pointed out that counsel for Hicks used 12 of 12 strikes against white jurors. Based on that statistic, the trial court held that the state had

---

[1] *Neal v. State*, 271 Ga. App. 283, 285 (1) (609 SE2d 204) (2005) (citation omitted).

[2] See *Lovelace v. State*, 269 Ga. App. 272, 273 (1) (603 SE2d 784) (2004).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] 505 U. S. 42 (112 SC 2348, 120 LE2d 33) (1992).

[5] Id. at 59.

[6] Id.

[7] See *Purkett v. Elem*, 514 U. S. 765, 767 (115 SC 1769, 131 LE2d 834) (1995).

[8] See id. at 768.

[9] *White v. State*, 257 Ga. App. 723, 725 (2) (572 SE2d 70) (2002).

established a prima facie case of racial discrimination by Hicks.[10] The trial court then asked Hicks's counsel to provide race-neutral reasons for his strikes. After the state responded, the trial court ordered four of the jurors reseated.

"A trial court's findings on whether the opponent of a strike has met his burden of persuasion is entitled to great deference and will be affirmed unless clearly erroneous."[11] "The reason for this being that a trial court's determination of a . . . *McCollum* challenge rests largely on assessing the attorney's credibility and state of mind and therefore lies peculiarly within the province of the trial judge."[12]

In giving his reasons for striking the first prospective juror at issue, the following transpired:

HICKS'S COUNSEL: The reason I struck [this juror] is that I didn't know anything about her. But also, she had been on a criminal jury before and she reached a verdict. I try to stay away from those if I can. . . .
THE STATE: Judge, I would point out that [another juror] reached a verdict in a criminal case and she was accepted. I think. . . .
HICKS'S COUNSEL: But she is a black juror.

When the court informed Hicks's counsel that he could not do that, he responded, "Well, I understand that."

With respect to the next two prospective jurors, counsel for Hicks stated that they did not strike him or his client as potentially good jurors and that he did not like the way they answered the questions. Finally, Hicks's counsel stated that he had struck a particular juror because she had family members who had been involved in drugs. In fact, another prospective juror with the same name was the one whose family members were involved in drug charges. When informed of the mistake, Hicks's counsel declined the trial court's offer to transfer his strike to the correct juror. Hicks's counsel offered no other reason for striking that juror. In response, the state argued that the reason given must have been pretextual or he would have wanted to change his strike.

The strength of the prima facie case of discrimination in relation to the reasons given by Hicks's counsel support the trial court's conclusion that the reasons given for the strikes at issue were a pretext for racial discrimination. Accordingly, we conclude that the

---

[10] See *Lingo v. State*, 263 Ga. 664, 665 (1) (a) (437 SE2d 463) (1993) (overwhelming pattern of strikes establishes a prima facie inference of discrimination).

[11] *White*, supra at 724 (2) (citation and punctuation omitted).

[12] Id. (citation omitted).

trial court's decision to grant the state's *McCollum* challenge and seat these jurors was not clearly erroneous.[13]

3. Hicks claims that the trial court erred by refusing to let him enter a guilty plea instead of going to trial.

Prior to trial, there were apparently several offers by the state for Hicks to plead guilty with a recommended sentence. Those offers were not accepted. After the jury was selected, the prosecutor informed Hicks's counsel that he would no longer negotiate a guilty plea offer. At that point, Hicks's counsel notified the court that Hicks was willing to plead guilty if he could get a "decent" recommendation from the prosecutor. The prosecutor again stated that he was not making any further recommendations and that any plea by Hicks would have to be made to the court without his involvement. Before the state presented its opening argument, the court allowed Hicks an opportunity to discuss with his counsel and his family the options that were available to him. Hicks's counsel then announced that he was ready for trial.

On appeal, Hicks claims that he had a right to plead guilty and that the trial court violated that right. However, a defendant has no constitutional right to have his guilty plea accepted by the court.[14] Nevertheless, a state may by statute or otherwise confer such a right.[15] Hicks argues that Uniform Superior Court Rule 33.7 requires the trial court to conduct a hearing if a defendant indicates that he wants to enter a plea. In fact, Rule 33.7 sets forth the procedure for determining whether a plea is voluntary. It does not require the court to conduct a hearing whenever a defendant indicates he may want to enter a plea or to accept a plea.[16] Although the record indicates that Hicks expressed some interest in pleading guilty, he did not renew that interest at trial after the court gave him a final opportunity to consider his options. Even if we construe Hicks's apparent indecision as a coherent request to plead guilty, Hicks has failed to show that the trial court was required to accept that plea.[17]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

---

[13] See id.

[14] *North Carolina v. Alford*, 400 U. S. 25, 38, n. 11 (91 SC 160, 27 LE2d 162) (1970); *Jackson v. State*, 251 Ga. App. 578, 580 (2) (554 SE2d 768) (2001).

[15] *Alford*, supra.

[16] See *Sanders v. State*, 280 Ga. 780 (631 SE2d 344) (2006) (Uniform Superior Court Rules do not create a legal right to plead guilty).

[17] See id.; see also *Bowen v. State*, 191 Ga. App. 760 (382 SE2d 694) (1989) (record revealed defendant's indecision concerning his plea; trial court did not abuse its discretion by refusing to accept guilty plea).

DECIDED AUGUST 21, 2006.

*Richard M. Nichols*, for appellant.

*Richard E. Currie, District Attorney, Kurt J. Martin, Assistant District Attorney*, for appellee.