## A07A1741. SMITH v. THE STATE.
### (658 SE2d 156)

BERNES, Judge.

Following a jury trial, Denver Smith was convicted of aggravated assault, criminal attempt to commit armed robbery, and possession of a firearm during the commission of a felony. Smith appeals the trial court's denial of his motion for new trial, arguing that his trial counsel rendered ineffective assistance and that the trial court erred by allowing him to proceed to trial without first determining why Smith expressed confusion when asked by the trial court whether he wanted to enter a nonnegotiated guilty plea. We find no error and affirm.

Viewed in the light most favorable to the guilty verdict, the evidence at trial showed that Smith offered to sell his vehicle to the victim. When Smith took the victim on a test drive, he put a gun to the victim's head and demanded the victim's money. After struggling with Smith, the victim jumped out of the moving vehicle. Smith crashed into a parked tow truck and abandoned the vehicle.

The subsequent investigation revealed that the car was registered to Smith's aunt. Smith's aunt told the investigator that she had loaned her vehicle to Smith on the day in question and that Smith later told her that the car had been impounded by a tow truck. The victim identified Smith as the perpetrator of the crime from a photographic lineup in the days following the incident and again at trial.

On the morning of trial, the state served Smith with notice of its intent to seek recidivist treatment under OCGA § 17-10-7 (c). After

the jury returned a guilty verdict, the state submitted to the court certified copies of Smith's three prior felony convictions. The trial court sentenced Smith to twenty years — fifteen years to serve in confinement to be followed by five years probation on Count 1; ten years to serve on Count 2, to run concurrently with Count 1; and five years to serve on Count 3, to run consecutively to Count 1. The trial court imposed the 20-year sentence of confinement pursuant to the terms of the recidivist statute and ordered that it be served without possibility of parole. OCGA § 17-10-7 (c).

1. Although not specifically enumerated as error, the above stated facts were sufficient to support Smith's conviction on the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA §§ 16-4-1 (criminal attempt); 16-5-21 (aggravated assault); 16-8-41 (armed robbery); 16-11-106 (possession of a firearm during the commission of a felony).

2. Smith argues that his counsel rendered ineffective assistance of counsel by allowing him to go to trial after he expressed confusion about the proceedings. In order to establish that his counsel was ineffective, Smith must prove both that his counsel was deficient and that the alleged deficiency prejudiced his defense. *Hester v. State*, 287 Ga. App. 434, 438 (3) (b) (651 SE2d 538) (2007). Reversal is not warranted, regardless of his counsel's performance, if Smith cannot show a reasonable probability that the outcome of the trial would have been different absent his counsel's alleged errors. Id. Smith has not met his burden in this case.

On at least two separate occasions during the pretrial negotiations, the state offered Smith a negotiated plea of five years to serve, which he refused. At arraignment and on at least one of these occasions, the trial court apprised Smith of the maximum punishment he could receive should he be convicted. Immediately prior to the commencement of the trial, but after the state served Smith the notice of its intent to seek recidivist treatment, the following colloquy transpired:

> THE COURT: All right. Mr. Smith, what do you want to do? You have been here enough times. You were here September 4th, '03. . . . You were here November 12th, '03; November 13th, November — February 20th. I mean, we have done this. And each time I explained to you about final pleas. And I tell you that an offer that the state made earlier is not available off the final plea calendar. I will not sentence you to that. I'm going to start over again and listen to the facts of the case that the state gives me and that your attorney gives me.

One difference is if you plead at this stage, if I sentence you anywhere authorized by law up to 40 years, you will not be allowed to withdraw your plea.

We're ready for a jury. I've extended you every courtesy as we've gone along, and your attorney, and I'm afraid that's it. So, you can do what you want to do.

If you go to trial, you're looking at a maximum, according to your attorney, of 40 years. You will be sentenced as a recidivist, which means that I would be required to sentence you to 40 years,[1] although I could probate any portion of that.

However, you will have to serve all of it. You would not be eligible for parole. Is that correct?

[THE STATE]: That is correct, Judge. Whatever the custodial time the court sentences him to, he has to do every day of the custodial time.

THE COURT: All right.

(Whereupon, there was a pause in the proceedings.)

THE COURT: All right. [Defense counsel], I'm going to need a decision from you. I mean, you have had a year and a month to think about this.

[DEFENSE COUNSEL]: It's not me, Judge, it's Mr. Smith.

THE COURT: We're going to go forward, then. You're going to have to make up your mind. You have had a year and a month.

(Whereupon, there was a pause in the proceedings.)

---

[1] The trial court's statement that it would be *required* to sentence Smith to 40 years did not acknowledge that the sentences imposed on the varying counts of the indictment could be run concurrently. See OCGA § 17-10-10. Smith does not challenge this omission by the trial court on appeal, and this statement does not change our analysis, infra, that Smith cannot establish that a reasonable probability existed that the outcome of the trial would have been different.

THE COURT: You want to go ahead with the jury trial, Mr. Smith, or you want to plead guilty?

THE DEFENDANT: Your Honor, I'm kind of confused right now.

THE COURT: Well, we're going to go forward with the trial. Call the jury.

. . .

THE COURT: . . . Mr. Smith has indicated that he's confused. That means he needs to exercise his constitutional right to a trial by jury. That's fine. He has a constitutional right to plead guilty if he wants. But what he doesn't have the right to do is to do both at the same time. I'm ready.

At the motion for new trial hearing, Smith argued that his trial counsel was ineffective because she failed to inquire about his confusion prior to allowing the trial to commence. Smith's appellate counsel asserted that Smith had been confused by the state's presentation on the day of trial of its intent to seek recidivist treatment based upon his three prior felony convictions. Smith therefore moved the court to vacate his conviction and afford him the opportunity to accept the state's original five-year plea offer.

The trial court properly denied Smith's motion for several reasons. First and foremost, the record does not support Smith's assertion that his counsel failed to inquire about and attempt to dispel his confusion. At the motion for new trial hearing, his trial counsel testified that she explained to Smith the significance of the state's recidivist notice after he expressed confusion. And as noted by the trial court, there were pauses in the proceeding which "are important, because those [are] times that [the trial court] make[s] available . . . for defendants to speak with their lawyers." There is no requirement that a lawyer advise and consult with his client "on the record," as suggested by Smith.

Moreover, the record affirmatively establishes — and the trial court reiterated at the beginning of the above exchange — that the five-year negotiated plea that the state had originally offered to Smith was no longer available at the time of trial. Indeed, the trial court as a matter of course refused to accept negotiated guilty pleas after the date of the final plea calendar, a fact that the court had repeatedly explained to Smith and had made "abundantly clear" at the final plea calendar on February 10, 2004. Thus, at the time in question, Smith's choice was either to proceed to trial or to accept a

nonnegotiated guilty plea with no assurances or guarantees as to the time in confinement that would be imposed by the trial court.

Significantly, Smith did not testify at the new trial hearing. Thus, he never explicitly asserted that he would have accepted a plea, negotiated or otherwise, absent the confusion.[2]

> In a case in which a defendant complains that his trial counsel was deficient for failing to adequately inform him of the consequences of accepting a plea, such prejudice can only be shown by some indication that at the time the defendant rejected a plea he was amenable to the offer made by the state.

(Citation, punctuation and footnote omitted.) *Carson v. State*, 264 Ga. App. 763, 765 (592 SE2d 161) (2003). Cf. *Wallace v. State*, 238 Ga. App. 69, 71 (517 SE2d 801) (1999). The record contains no indication that Smith was ever inclined to accept any plea — negotiated or otherwise.

For all of the reasons cited above, Smith has failed to show either that his counsel's performance was deficient or that in the absence of the alleged deficiency, a reasonable probability exists that the outcome of the trial would have been different. Accordingly, his claim for ineffective assistance of counsel fails. See *Williams v. Duffy*, 270 Ga. 580, 581-582 (1) (513 SE2d 212) (1999); *Carson*, 264 Ga. App. at 765; *Gary v. State*, 244 Ga. App. 577, 578 (536 SE2d 220) (2000). See also *Abernathy v. State*, 252 Ga. App. 635, 638 (5) (e) (556 SE2d 859) (2001); *King v. State*, 246 Ga. App. 100, 103 (3) (539 SE2d 614) (2000). Cf. *Wallace*, 238 Ga. App. at 71.

3. Smith also contends that the trial court had a duty to ensure that his decision to reject the state's plea offer was knowing and voluntary and that the trial court erred in allowing him to proceed to trial without confirming that he was doing so without any underlying confusion. Smith relies on *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969) to support his claim. *Boykin*, however, stands for the proposition that a trial court has a duty to establish that a criminal defendant's decision to plead guilty is knowing and voluntary. Because a guilty plea involves a waiver of at least three constitutionally protected rights — the privilege against compulsory

---

[2] Smith's counsel testified that prior to the state's service of its notice of intent to seek recidivist punishment, she had believed, based upon the Georgia Crime Information Center history and Smith's representation to her, that Smith had only one (not three) prior felony convictions. She had explained to him prior to trial that his prior conviction could result in an aggravation of his punishment or an imposition of the maximum sentence. See OCGA §§ 17-10-2; 17-10-7 (a). She further testified that on the day of trial, Smith was confused about the state's intent to seek recidivist treatment and that she explained the import of the state's notice.

self-incrimination, the right to a trial by jury, and the right to confront one's accusers — due process requires that the waiver of these rights be knowing and voluntary. Id. at 243. No such waiver of rights occurs when a defendant pleads not guilty. *Echols v. State*, 167 Ga. App. 307, 308 (306 SE2d 324) (1983). The defendant who pleads not guilty and opts for trial instead *invokes* a constitutional right — the right to trial by jury. *Boykin* is therefore inapposite.

Furthermore, "a defendant has no constitutional right to have his guilty plea accepted by the court." *Hicks v. State*, 281 Ga. App. 217, 220 (3) (635 SE2d 830) (2006). Consequently, it was within the trial court's purview to foreclose Smith's entry of a nonnegotiated guilty plea after he expressed confusion over whether to plead guilty or go to trial.[3] *Pass v. State*, 227 Ga. 730 (182 SE2d 779) (1971).

Finally, it is undisputed that Smith was repeatedly advised of the maximum punishment he could receive upon conviction of the crimes alleged in the indictment. The state's invocation of OCGA § 17-10-7 (c), the alleged source of Smith's confusion, did not alter the maximum punishment to which Smith could be subjected, but instead removed any opportunity that he may have otherwise had to serve part of his confinement on parole. As such, it had only a "collateral effect" on the sentence imposed by the court. See *Williams*, 270 Ga. at 581-582 (1). See also *Pickard v. State*, 257 Ga. App. 642, 644 (3) (572 SE2d 660) (2002). And, there is no constitutional requirement that a criminal defendant be informed of collateral consequences when considering a guilty plea. *Williams*, 270 Ga. at 581-582 (1). See also *Pickard*, 257 Ga. App. at 644 (3); *Mann v. State*, 240 Ga. App. 809, 810 (1) (b) (524 SE2d 763) (1999).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 6, 2008 —
RECONSIDERATION DENIED FEBRUARY 25, 2008

*Richard O. Allen*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Bettieanne C. Hart, Assistant District Attorneys*, for appellee.

---

[3] The trial court did not make this decision until after it personally explained the import of the state's notice of intent to seek recidivist punishment and gave counsel further time to discuss the issue with Smith.