## A10A0222. VARNER v. THE STATE.

(693 SE2d 135)

MIKELL, Judge.

Following a jury trial, Dareon Varner was found guilty of armed robbery in violation of OCGA § 16-8-41 (Count 1), aggravated assault with a deadly weapon in violation of OCGA § 16-5-21 (a) (2) (Count 2), and possession of a firearm during the commission of a felony in violation of OCGA § 16-11-106 (Count 3). He was sentenced to twenty years in prison on Count 1 and to five years probation on Count 3, to run consecutively to Count 1; the trial court merged Count 2 into Count 1 for sentencing purposes. Varner appeals the trial court's denial of his motion for new trial, arguing that the trial court erred in refusing to accept his guilty plea and that his trial counsel rendered ineffective assistance in preparing him to enter a guilty plea and for his sentencing hearing. We find no error and affirm.

Viewed in the light most favorable to the jury's verdict,[1] the evidence at trial showed that on the night of November 8, 2006, Varner approached the counter in the hotel lobby at the Hampton Inn in Douglas County and pointed a Glock 30 handgun at the sole employee on duty, Julie Crawford. Crawford testified that Varner was wearing a big jacket, an Atlanta hat, and a "gold grill" in his mouth. When Varner demanded cash, Crawford pulled out the cash drawer and set it on the counter. Varner made Crawford lie down on the floor, and she heard him removing the contents of the drawer. After waiting a few minutes, Crawford locked herself in the office and called 911. At trial, Crawford identified the hotel security videotape from that night, which showed Varner standing at the hotel counter, gun in hand. The videotape was introduced into evidence and played for the jury.

Shortly after Crawford reported the robbery to the authorities, Varner was arrested along with Jabari Knox, when Knox's vehicle was stopped for a traffic violation, and the officer realized that Varner matched the description of the robbery suspect. Knox admitted to the arresting officers that he and Varner had just robbed the Hampton Inn. Within a few minutes, the police drove Crawford to the site of the traffic stop, and she identified Varner as the one who had just robbed her at gunpoint at the Hampton Inn. She could not identify Knox, whom she had not seen before.

A loaded Glock 30 handgun, identified at trial as that used by Varner in the robbery, was found in Knox's vehicle under the passenger seat where Varner had been sitting. A search of Varner's person uncovered cash; receipts and other items, which were later identified as having been taken from the Hampton Inn cash drawer; and clothing and a "gold teeth grill" later identified as those worn by Varner at the Hampton Inn.

Knox pled guilty to robbery and testified against Varner at trial. The jury found Varner guilty on all three counts. After sentencing, Varner filed, and later amended, a motion for new trial. After a hearing, the trial court denied Varner's motion for new trial. Varner appeals.

1. Although Varner has not enumerated as error the insufficiency of the evidence, we conclude from our review of the record that the evidence adduced at trial was sufficient to support Varner's conviction for the crimes with which he was charged, under the standard set forth in *Jackson v. Virginia*.[2]

---

[1] See *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] Supra. See *Rankin*, supra.

140

2. In related enumerations of error, Varner contends that the trial court erred in refusing to allow him to enter a guilty plea and that his trial counsel provided ineffective assistance in preparing him to enter a guilty plea. We find no merit in either contention.

The record reflects that Varner was facing charges in two cases: the case at hand and another case involving charges of possession of a weapon by an inmate and criminal attempt to escape. Varner made three attempts to enter a guilty plea as to both cases. After jury selection in the instant case had begun, Varner's counsel indicated to the judge that Varner wanted to enter a nonnegotiated, or "blind," plea in both cases. During the ensuing colloquy, Varner informed the trial court that he was pleading guilty because of threats that had been made against him by Knox's family. Varner told the judge that these threats "really kind of intimidated me to go ahead and plead guilty." The court promptly rejected Varner's guilty plea and directed counsel to continue with jury selection.

Varner's trial counsel then approached the bench and asked to confer with his client so that "he will understand how to answer the questions a little better." Following a pause in the proceedings, trial counsel returned and informed the judge, "Mr. Varner has changed his mind again. I'm very uncomfortable with continuing to sign him up, so I prefer just to go ahead and go to trial." Accordingly, the trial court again directed jury selection to proceed.

The third attempt to enter a guilty plea occurred at the start of proceedings the next morning, when Varner's trial counsel again advised the judge that his client wanted to enter a blind plea. Counsel requested that he be allowed to go over Varner's rights with him, and after a pause in the proceedings, counsel announced ready for a guilty plea. The state went over the charges against Varner and reviewed with Varner the rights he would waive in pleading guilty. Varner's counsel then informed the judge that he had twice reviewed the Notice of Rights form with Varner and that he had resolved Varner's earlier questions. However, during the judge's ensuing colloquy with Varner, Varner expressed confusion and requested to meet with his attorney again in private. The trial court told Varner that he had been provided "plenty of chances" to talk to his attorney; that the jury and the witnesses in the case were ready and waiting in another room; and that the court did not want to "keep dragging this out." Varner did not relate the source of his confusion, but again requested a meeting with counsel. At this point, the judge directed the trial to proceed.

(a) Varner's contention that "[t]he trial court erred in its decision to force Varner to trial when he attempted to enter a guilty plea" is meritless. In the first place, the record does not show that the trial court "forced" Varner to go to trial; on the contrary, the

court made every effort to determine if Varner understood the implications of a guilty plea. Moreover, "a defendant has no constitutional right to have his guilty plea accepted by the court."[3] Once Varner expressed confusion over whether to plead guilty or go to trial, the trial court did not abuse its discretion in refusing to permit him to enter a guilty plea.[4]

(b) Varner contends that his trial counsel rendered ineffective assistance by failing to prepare him to enter a guilty plea and for the sentencing hearing. This contention is also without merit.

In evaluating a claim of ineffective assistance of counsel, the two-prong test set forth in *Strickland v. Washington*[5] applies. Varner "must show that counsel's performance was deficient and that, but for that deficient performance, there is a reasonable probability that the outcome of his trial would have been different."[6] In order to show that counsel's performance was deficient, "[t]he criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct."[7] On appellate review of the trial court's ruling, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[8]

Varner has failed to establish that counsel's performance was deficient. At the new trial hearing, Varner's trial counsel testified that he reviewed with Varner the evidence against him; that he discussed with Varner the possibility of a guilty plea; that he went over with Varner, more than once, the questions that he would be asked in a guilty plea hearing; that, outside the presence of the judge, counsel reviewed with Varner the rights he would be waiving if he entered a guilty plea; and that counsel believed that Varner understood those rights but decided not to go through with the plea. Varner testified, on the other hand, that his counsel never explained to him the rights he would be waiving in entering a guilty plea. Counsel further testified that in preparation for the sentencing hearing, he attempted to secure the mitigation witnesses Varner had named, but they were either unavailable or unreachable. Varner

---

[3] (Footnote omitted.) *Hicks v. State*, 281 Ga. App. 217, 220 (3) (635 SE2d 830) (2006).

[4] See *Smith v. State*, 289 Ga. App. 742, 747 (3) (658 SE2d 156) (2008) (not error to reject plea where defendant expressed confusion); *Hicks*, supra (court was not required to accept plea where defendant showed apparent indecision); *Bowen v. State*, 191 Ga. App. 760 (382 SE2d 694) (1989) (no abuse of discretion where defendant revealed ambivalence concerning change of plea).

[5] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[6] (Footnote omitted.) *Jackson v. State*, 282 Ga. 494, 497 (2) (651 SE2d 702) (2007).

[7] (Citation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

[8] (Citation and punctuation omitted.) Id.

testified that three mitigation witnesses were present at the sentencing hearing, but that his trial counsel failed to call them on his behalf.

"[D]etermining the credibility of witnesses is a matter left to the trial court's discretion."[9] Here, the trial court was authorized to believe the testimony of trial counsel over that of Varner.[10] We conclude that Varner has not established that his trial counsel's performance was deficient. It follows that the trial court did not err in denying Varner's motion for new trial based on ineffective assistance of counsel.[11]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MARCH 25, 2010.

*Joseph S. Key*, for appellant.
*David McDade, District Attorney, James E. Barker, James A. Dooley, Assistant District Attorneys*, for appellee.

---

[9] (Citations and footnote omitted.) *Terrell v. State*, 276 Ga. App. 102, 104 (1) (622 SE2d 434) (2005).

[10] See *Joiner v. State*, 245 Ga. App. 415, 416 (3) (537 SE2d 792) (2000).

[11] See *Terrell*, supra.