**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 22, 2013**

# In the Court of Appeals of Georgia

A12A2250. TEMPLE v. THE STATE.

PHIPPS, Presiding Judge.

After a jury trial, Horace Temple was convicted of two counts of armed robbery and one count of criminal trespass. He was sentenced as a recidivist to confinement for life without parole. On appeal, Temple contends that his convictions should be reversed because (1) the trial court erred in denying his motion for new trial on the ground that his trial counsel was ineffective for failing to communicate to him information pertaining to a plea offer; and (2) the sentence of life without parole constituted cruel and unusual punishment. We affirm.

1. Temple contends that his trial counsel was ineffective for failing to communicate to him information pertaining to a plea offer. Specifically, he asserts that he "was not properly advised that, due to the nature of the charge[s] and his prior

conviction, he was facing, if convicted, a mandatory sentence of life in prison without the possibility of parole." Thus, he contends, he "could not make an informed decision about whether to accept or reject the [s]tate's plea offer." Temple asserts that, by the record, "it [wa]s apparent that [he] did not grasp the implications of the recidivist law in his case."

> Under the controlling *Strickland v. Washington*,[1] in order for [Temple] to succeed on his claim of the ineffective assistance of trial counsel, he has to show both that trial counsel was deficient and that he was prejudiced by the deficiency. In that regard, there is the rebuttable presumption that counsel exercised reasonable professional judgment, and counsel's decisions are to be assessed in the context of the circumstances existing at the time of trial rather than in hindsight. In this Court's review we are to accept the trial court's factual findings and credibility determinations unless they are clearly erroneous, but we independently apply the legal principles to the facts. In the context of a plea offer, trial counsel can be found to have rendered less than reasonably professional assistance if counsel has not informed his client that such a plea offer has been made and advised the client of the consequences of the choices confronting him. This is so because prior to trial an accused is entitled to rely upon his counsel to independently examine the facts, circumstances, pleadings and laws involved in the case and then to offer an informed opinion about what plea should be

---

[1] 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

entered; the plea bargaining process is a critical stage of the criminal proceedings, so counsel's involvement is crucial.[2]

The record showed that the state's plea offer of 20 years to serve in confinement (with the state waiving recidivist treatment) was presented to Temple at various times, and rejected. At the hearing on Temple's motion for new trial, Temple's trial attorney testified that he had met with Temple "easily a dozen" times, and reviewed the case with him. When asked to tell the court about his conversations with Temple with regard to plea negotiations and his possible sentence following a trial, the attorney testified:

> I can't tell you how many times he and I spoke about that. He knew that if he went to trial and he was convicted of armed robbery based on his prior record that he was going to get a life sentence. I think we're on record numerous times discussing that issue before the trial, during trial, but it's all on the record as we spoke about that, and then he and I above and beyond what's on the record, had numerous discussions about what would happen if he's convicted as charged.

---

[2] *Brown v. State*, 291 Ga. 892, 898 (4) (734 SE2d 23) (2012) (citations and punctuation omitted); see *Whitehead v. State*, 211 Ga. App. 121, 122-123 (438 SE2d 128) (1993) (objective professional standards dictate that, absent extenuating circumstances, a defendant is entitled to be told that an offer to plead guilty has been made and to be advised of the consequences of the choices confronting him; for counsel to do otherwise amounts to less than reasonably professional assistance).

The attorney testified that, in his opinion, Temple "certainly knew what was going on, he's certainly competent," and that he encouraged Temple to accept the state's plea offer.

Indeed, as trial counsel testified, the trial record showed that the state's offer was conveyed to Temple, and he was informed that if he went to trial and was found guilty, he would receive a sentence of life without the possibility of parole. When asked before trial whether he wanted to accept the state's plea offer or proceed to trial, Temple responded to the court, "I heard you about the penalty," and "I'll take the trial." During voir dire, Temple was given another opportunity to accept the state's offer, but he stated "I'm not afraid of a jury trial. I'd rather go to trial, because I know it's my right." Temple stated: "I decided to go forward, because I'm innocent."

At the hearing on the motion for new trial, Temple was asked what he had understood prior to trial regarding his status and his choices:

Q. Did you understand when you went to trial that you were a recidivist, that you had a prior conviction, is that correct?

A. Yes, sir. . . .

4

Q. Did you understand the ramifications of going to trial? You received a life sentence without parole, is that correct?

A. Yes, sir.

Q. Did you know when you went to trial that if you were convicted, you'd receive a sentence of life without parole?

A. Yes, 'cause they said my second time.

Temple further testified that he was aware of the state's plea offer of 20 years to serve in confinement.

Thus, the record showed that Temple was informed about the consequences of the choices confronting him.[3] What is more, although Temple asserts that the prejudice prong of *Strickland v. Washington*[4] was satisfied because there was a reasonable likelihood that he would have accepted the state's offer had trial counsel informed him that he was facing, if convicted, a mandatory sentence of life in prison without the possibility of parole, the record supported the opposite conclusion. The

---

[3] See *Brown*, supra at 898-899 (4); *Pickard v. State*, 257 Ga. App. 642, 644 (3) (572 SE2d 660) (2002).

[4] Supra.

5

record suggested that Temple was not interested in accepting the state's plea offer, and elected to go to trial.[5]

Therefore, contrary to his contention, Temple did not receive ineffective assistance of counsel regarding the plea offer, and the trial court did not err in denying his motion for new trial on that basis.

2. Temple contends that his conviction should be reversed because his sentence of life without parole constitutes cruel and unusual punishment. Because Temple has failed to present any argument or citation of authority to support his contention, we deem this enumerated error abandoned.[6] In any event, this issue previously has been decided against him.[7]

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

[5] See *Brown*, supra at 899 (4).

[6] See *Chastain v. State*, 260 Ga. 789, 790 (2) (400 SE2d 329) (1991); *Smith v. State*, 278 Ga. App. 315, 323 (9) (628 SE2d 722) (2006); Court of Appeals Rule 25 (c) (2).

[7] See *Redden v. State*, 294 Ga. App. 879, 881 (3) (670 SE2d 552) (2008).