**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS
COURT. ALL FILINGS MUST BE SUBMITTED WITHIN
THE TIMES SET BY OUR COURT RULES.*

**February 1, 2021**

# In the Court of Appeals of Georgia

A20A2009. VAZQUEZ v. THE STATE.

HODGES, Judge.

Following a jury trial, the Superior Court of Jones County entered a judgment of conviction against Antonio Vazquez, Jr. on two counts of aggravated sodomy (OCGA § 16-6-2 (a) (2)), three counts of aggravated child molestation (OCGA § 16-6-4 (c)) (2008), two counts of child molestation (OCGA § 16-6-4 (a)) (2008), and two counts of enticing a child for indecent purposes (OCGA § 16-6-5 (a)). Vazquez appeals from the denial of his motion for new trial, arguing that the trial court erred in: (1) improperly referencing Vazquez's appellate rights; and (2) denying Vazquez's motion for a mistrial after an expert witness testified to the ultimate issue in the case and invaded the province of the jury. Finding no error, we affirm.

Viewed in a light most favorable to the verdict,[1] the evidence revealed that the victim lived in a duplex in Gray, Jones County, with her mother, younger sister, younger brother, and Vazquez. When she was six years old, Vazquez took the victim into his bedroom and forced her to perform oral sex on him until he ejaculated in her mouth. On another occasion, Vazquez went into the victim's bedroom after she went to bed, where she again performed oral sex on him. Then, during the same incident, Vazquez anally sodomized the victim and, despite the victim's pleas for him to stop because "that hurts,"[2] continued until he ejaculated.[3] The victim also recounted an event in Vazquez's bathroom during which she leaned over Vazquez's sink while he

---

[1] See, e.g., *Picklesimer v. State*, 353 Ga. App. 718 (839 SE2d 214) (2020); see also *Gathers v. State*, 355 Ga. App. 761, 763 (1) (844 SE2d 882) (2020) ("[I]t is the jury's role to resolve conflicts in the evidence and determine the credibility of witnesses, and the presence of such conflicts does not render the evidence insufficient.") (citation and punctuation omitted).

[2] At some point, a family friend and the victim's mother's niece, who would sometimes spend the night with the victim's family, heard the victim cry from her bedroom, "Daddy, please don't, that . . . hurts. Stop." The niece also heard the victim's bed "squeaking" during the incident. The pair became frightened and left the duplex to call the victim's mother from a nearby Waffle House, but the mother, who was at work, did not return to the duplex that evening.

[3] The victim's sister, who shared a bedroom with the victim, witnessed this instance of Vazquez's abuse. During trial, the victim's sister used anatomical dolls to demonstrate what she saw, including the victim performing oral sex on Vazquez.

anally sodomized her. When the victim resisted, Vazquez would strike her on her hip. The victim stated that such abuse occurred "a lot," but that it only occurred when Vazquez had been drinking.

The victim also described occasions on which Vazquez showed her pornographic movies depicting a nude boy and girl engaged in the same "[b]ad things" Vazquez "did to [her]." As the videos played, Vazquez abused the victim in the same manner as "they were doing on TV[,]" which included anal and oral sodomy.

The victim did not initially disclose Vazquez's abuse because Vazquez threatened to hurt her mother, and the victim believed him. Ultimately, however, while attending a summer camp in Macon, the victim disclosed Vazquez's abuse to other campers because she "just needed somebody to talk to"; the campers then reported the abuse to camp counselors, who alerted Jones County law enforcement.[4]

A Jones County grand jury indicted Vazquez for two counts of aggravated sodomy, three counts of aggravated child molestation, two counts of child molestation, and two counts of enticing a child for indecent purposes. At trial,

---

[4] The victim also participated in a forensic physical examination, which did not reveal any signs of physical trauma, and a forensic interview.

Vazquez denied touching the victim and testified that the allegations were part of the victim's mother's scheme to have him arrested and jailed following a fight between the two. To that end, Vazquez's mother testified that his arrest occurred one week after she reported the victim's mother to the Department of Family and Children Services for suspected physical abuse of the victim's younger sister. Nevertheless, the jury returned guilty verdicts against Vazquez on each count of the indictment, and the trial court denied Vazquez's motion for new trial.[5] This appeal followed.

1. In his first enumeration of error, Vazquez contends that the trial court made an improper reference to his appellate rights during its introductory statements to the jury venire. See OCGA § 17-8-57 (a). We find no plain error.

As part of its orientation of the jury venire, the trial court warned those assembled to

> not independently investigate any facts or visit any scenes depicted in the evidence. We had a trial up in Morgan County in which it went on for four days and it was very important about what could or could not be seen under a particular street lamp. And when we were in [the] deliberation stage, one of the jurors went out and looked under the street lamp, the young man came back and tried to tell the other jurors what he thought could or could not be seen. The other jurors knew he was

---

[5] Vazquez does not contest the sufficiency of the evidence.

4

violating his oath, told me about it and so we had to have [a hearing].
But that time he got taken off. . . .

And, of course, *when it went up on appeal, the [appellate] [c]ourt had to go over it with a fine tooth comb to see what they thought about it*. So it puts everything at risk when that kind of thing is being done.

(Emphasis supplied.) Vazquez did not object to the trial court's statement.

The "failure to make a timely objection to an alleged violation of [OCGA § 17-8-57 (a) (1)] shall preclude appellate review, unless such violation constitutes plain error which affects substantive rights of the parties."[6] OCGA § 17-8-57 (b).

To establish plain error, [Vazquez] must point to a legal error that was not affirmatively waived, was clear and obvious beyond reasonable dispute, affected his substantial rights, and seriously affected the fairness, integrity, or public reputation of judicial proceedings.

(Citation omitted.) *Bamberg v. State*, 308 Ga. 340, 352 (5) (839 SE2d 640) (2020); see generally *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011) (to show

---

[6] Although Vazquez's trial occurred prior to the enactment of OCGA § 17-8-57 in its current form, we review his claim under our current plain error analysis. See *Willis v. State*, 304 Ga. 122, 129 (2) (b) (816 SE2d 656) (2018) ("[B]ecause subsection (b) of OCGA § 17-8-57 is not aimed at regulating any conduct at trial, but instead addresses the standard of appellate review of an error already made at trial, the standard of appellate review set out in that subsection is properly given retroactive effect to cases tried before the enactment date but appealed after that date.").

plain error, "there must [first] be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned") (citation and punctuation omitted). To succeed on a claim of plain error, a party must satisfy each of the four prongs of the standard. See *Kelly*, 290 Ga. at 33 (2) (a).

Here, we find no plain error because Vazquez has not demonstrated an error or defect by the trial court that is "clear and obvious beyond reasonable dispute[.]" *Bamberg*, 308 Ga. at 352 (5). As a general matter, "[i]t is error for a trial judge in any criminal case to express or intimate an opinion as to the guilt of the accused." *DeLoach v. State*, 308 Ga. 283, 290 (2) (b) (840 SE2d 396) (2020); see also OCGA § 17-8-57 (a) (1). Indeed, "[a] trial judge's comment concerning the process or availability of appellate review in the case may run afoul of this rule if the jury may infer from the comment that the judge holds an opinion about the defendant's guilt." *DeLoach*, 308 Ga. at 290 (2) (b). "However, it is *not* error when the trial court references the appellate courts in a context that does not intimate that the judge holds an opinion on the defendant's guilt or lessen the jury's responsibility in making its decision." (Emphasis supplied.) Id. at 290-291 (2) (b); see also *Mitchell v. State*, 293 Ga. 1, 3 (3) (742 SE2d 454) (2013) ("Mere abstract references to appellate courts,

6

which do not convey the trial court's opinion, are not necessarily reversible error.") (citation and punctuation omitted).

In this case, "the trial court's statements . . . were in the context of juror orientation at the start of the trial when no evidence had been adduced and opening statement had not yet been held." *State v. Clements*, 289 Ga. 640, 648-649 (4) (715 SE2d 59) (2011). None of the trial court's statements even remotely referenced Vazquez generally or specifically and included no reference to any evidence that may be introduced against Vazquez. As a result, "[w]here, as here, . . . orientation occurred before any evidence was introduced, did not convey or intimate any opinion of the trial judge, nor lessen the sense of responsibility of the jurors," we conclude that the trial court's reference to appellate courts generally does not require reversal. (Citations and punctuation omitted.) *Bearden v. State*, 159 Ga. App. 892, 893 (3) (285 SE2d 606) (1981); see also *Clements*, 289 Ga. at 648-649 (4).

2. Next, Vazquez argues that the trial court erred in denying his motion for mistrial after an expert witness testified to the ultimate issue in the case and invaded the province of the jury. Vazquez waived appellate review of this issue.

During the State's direct examination of Dr. Debbie West, a pediatrician qualified as an expert witness in sexual abuse forensic examinations, the following exchange occurred:

> Q:    [I]n your experience and training, is it unusual for you to
>
> find an anus that has been penetrated and there be no signs?
>
> A:    That's normal. The majority of the time, when there's been
>
> anal penetration, there are no findings. And, physiology, the
> reason for that is because the anus is a round muscle which
> we call a sphincter, opens and closes. . . . And so there
> really has to be a great deal of trauma in order to damage
> that tissue and to scar that tissue. And, again, the majority of children
> who have been anally penetrated, and there has been a conviction in a
> court of law, there are still normal findings on an anal exam.
>
> Q:    What about in those cases —
>
> [DEFENSE COUNSEL]:        I'm going to object to that
> response and ask that it be stricken, Your Honor. I think it
> raises the ultimate issue.

Defense counsel asked to approach and, in the ensuing bench conference, moved for a mistrial. The State argued for a curative instruction instead, and the trial court recessed to allow counsel for both parties to research the issue. Following continued argument by counsel, the trial court ruled that "a curative instruction is far enough in

8

this case because of the way it was done, and the fact it wasn't done with bad intent." The trial court then invited proposed curative instructions from both parties. Ultimately, Vazquez's counsel and the State agreed to a proposed curative instruction "with the understanding that it's not waiving the original motion for mistrial[:]"

> Any reference in testimony by the doctor allegedly to other criminal cases, and especially alleged convictions, should not be considered by you or take part in your decision[-]making in reaching a verdict. Any testimony to that effect is stricken and it's not part of the evidence.

Under Georgia law, "[w]hether to declare a mistrial is a question committed to the discretion of the trial judge, and the denial of a mistrial is reversible error only if it appears that a mistrial was essential to preserve the defendant's right to a fair trial." (Citation and punctuation omitted.) *Gaines v. State*, 339 Ga. App. 527, 529 (2) (792 SE2d 466) (2016). However, it is just as settled that "where a defendant objects and moves for mistrial and the trial court denies the motion but takes some corrective action, if the defendant is dissatisfied with that action, he must renew the objection or motion." (Citation and punctuation omitted.) Id.; see also *Redding v. State*, 354 Ga.

9

App. 525, 536 (4) (841 SE2d 192) (2020); *Pickard v. State*, 257 Ga. App. 642, 644 (2) (572 SE2d 660) (2002).[7]

In this case, despite his initial motion for a mistrial, Vazquez's counsel participated in drafting the curative instruction which the trial court ultimately delivered. Thereafter, Vazquez's counsel did not renew his motion for a mistrial or object to the trial court's curative instruction. Accordingly, we conclude that Vazquez has waived any appellate review of this argument. See *Redding*, 354 Ga. App. at 536 (4) (finding defendant waived appellate review when he failed to "object after the trial

---

[7] Vazquez is not rescued by certain statements by his counsel at trial. After Vazquez's counsel agreed to the content of the trial court's curative instruction, counsel added that

> in reviewing the appellate cases in situations of this sort where defense assents to curative instructions that may or may not be legally sufficient, they're deemed to waive any issue related to that curative instruction. And given the surprise and the gravity of the situation, I gladly participate in resolving it with the curative instruction, but don't believe I can ethically waive any objection that I might have to the testimony by doing so.

Although the trial court stated, "[t]hat's fair[,]" we are not bound by the trial court's statement. Cf. *Murray v. Richardson*, 134 Ga. App. 676, 678 (5) (215 SE2d 715) (1975) ("Whether an appeal is properly before the court is a question of law for the court.").

10

court gave the curative instruction, which he specifically asked the trial court to give"); *Pickard*, 257 Ga. App. at 644 (2) (holding defendant waived appellate review because he "participated in the formulation of [a curative] instruction and neither made objection to the instruction after it was given nor renewed his motion for a mistrial").

In sum, we conclude that Vazquez has failed to demonstrate plain error associated with the trial court's jury orientation statements concerning appellate review. Furthermore, we conclude that Vazquez waived any error related to the expert witness' testimony by failing to renew his motion for mistrial or object to a curative instruction after the trial court gave the instruction to the jury. Therefore, we affirm the trial court's order denying Vazquez's motion for new trial.

*Judgment affirmed. McFadden, C. J., and Doyle, P. J., concur.*